CALVIN T. MCCLAIN *v.* LOUIS CHAVEZ

[No. 3-778A179. Filed December 20, 1978.]

*Jeffery Oliveira, Rahme & Oliveira,* of Portage, for appellant.

*James D. McQuillan,* of counsel, *Spangler, Jennings, Spangler & Dougherty, P.C.,* of Gary, for appellee.

HOFFMAN, J.—The trial court granted summary judgment in favor of defendant-appellee Chavez upon a finding that plaintiff-appellant McClain's tort action was barred by the statute of limitations. Appellant appeals arguing that the court's interpretation of the statutes involved herein was contrary to law.

The only facts relevant to determining whether summary judgment was properly granted are as follows:

(1) The automobile accident involving appellant and appellee occurred on February 5, 1973;

(2) Appellant was born on October 29, 1955;[1]

(3) The Legislature changed the age of majority from 21 to 18 years effective as of July 26, 1973; and

---

1. The record is in conflict as to appellant's date of birth and age. Appellant's response to an interrogatory provided the only evidence as to this question. The response, given in March of 1977, was that appellant was 21 years old and was born October 24, 1954. Given the date of appellant's response, both assertions cannot be correct. We give the appellant the benefit of the doubt. Whether the appellant was born in 1954 or in 1955, the result is the same in this case so the issue of fact is not a material one.

(4)   Appellant filed suit against appellee on January 4, 1977.

The statute of limitations for filing causes of action, IC 1971, 34-1-2-2 (Burns Code Ed.), provides that a cause of action for personal injury must be commenced within two years after the cause of action has accrued. But at the time of the accident appellant had not reached the age of majority (21). IC 1971, 34-1-2-5 (Burns Code Ed.) provides:

> "Persons under legal disabilities. — Any person being under legal disabilities when the cause of action accrues, may bring his action within two [2] years after the disability is removed. [Acts 1881 (Spec. Sess.), ch. 38, § 42, p. 240.]"

Also, at the time of the accident, "under legal disabilities" was defined by IC 1971, 34-1-67-1 (Burns Code Ed.) as including "persons within the age of twenty-one [21] years . . . ." Thus, under the law existing at the time of the injury, appellant had until his 23rd birthday to file this cause of action; under that existing law this action was timely filed.

But effective as of July 26, 1973, the Legislature amended IC 1971, 34-1-67-1, changing the definition of "under legal disabilities" to including "persons under the age of eighteen [18] years. . . ."

Appellant argues that the amendment could not affect his case since, having come about after his cause of action had accrued, it would require retroactive application of the statute. But ordinarily the statute of limitations is not substantive but affects the remedy only, and the statute which is in force at the time the suit is brought governs. *Wilmont v. City of South Bend* (1943), 221 Ind. 538, at 543, 48 N.E.2d 649, at 651. The Supreme Court in *Wilmont* further stated that although the Legislature may shorten the period of limitations, it must afford potential plaintiffs affected by statutory change a reasonable opportunity to file suit after the effective date of the amendment.

In *D'Andrea v. Montgomery Ward & Co., Inc.* (7th Cir., 1978), 571 F.2d 403, the Seventh Circuit, construing the same Indiana statutes involved in the case at bar, stated at 404:

> "Plaintiff's disability here was removed by legislative act on July 23, 1973 when the amendment became effective. *This amendment did not shorten a limitation period but only changed the age at which*

*disability due to infancy was removed.* Once the disability was removed, the two-year grace period remained during which an action could properly be brought." (Emphasis added.)

Appellant had two years from his 18th birthday, i.e., October 24, 1973, within which to file his cause of action. This he failed to do. The trial court did not err in granting summary judgment.

The judgment is affirmed.

Affirmed.

Garrard, P.J. and Staton, J. concur.

NOTE — Reported at 383 N.E.2d 414.