172 N.J. Super. 314 (1980)
411 A.2d 1170
MARSHA R. TYSON, PLAINTIFF-APPELLANT,
v.
EDWARD H. GROZE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1980.
Decided February 14, 1980.
*315 Before Judges BISCHOFF, BOTTER and MORTON I. GREENBERG.
Donald G. Howard argued the cause for appellant (Apell, Howard and Mathews, attorneys).
*316 Robert J. Partlow argued the cause for respondent (Parker, McCay and Criscuolo, attorneys; Ronald C. Morgan, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Plaintiff Marsha R. Tyson appeals from an order of the Superior Court, Law Division, granting a summary judgment in favor of defendant on the ground that this action is barred by the statute of limitations. The appeal requires this court to determine whether the provisions of N.J.S.A. 2A:14 21 extending the period for suit under N.J.S.A. 2A:14 2 have been modified by N.J.S.A. 9:17B 1 et seq., effective January 1, 1973, lowering the age of majority from 21 years to 18 years.
Plaintiff was born August 26, 1956. She was involved in an automobile accident with defendant on June 19, 1976 when she was 19 years old. This action was filed July 6, 1978. Defendant moved for summary judgment, relying on N.J.S.A. 2A:14-2 which provides that
Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.
Plaintiff countered defendant's motion by citing N.J.S.A. 2A:14-21 which provides that if a person entitled to bring an action subject to N.J.S.A. 2A:14 2 or certain other sections is under 21 years at the time of the accrual of the action "such person may commence such action ... within such time as limited by said sections, after his coming to or being of full age...." The trial judge granted the motion, reasoning that N.J.S.A. 9:17B 1 et seq. superseded N.J.S.A. 2A:14 21 since, with certain exceptions not deemed applicable, persons 18 years of age are now adults with the full right to sue and be sued. Additionally, the trial judge denied plaintiff's application to take defendant's deposition in an attempt to develop facts *317 that defendant had been a nonresident during a portion of the time from the accident to the date of the filing of the suit.
N.J.S.A. 9:17B 1 provides in pertinent part as follows:
The Legislature finds and declares and by this act intends, pending the revision and amendment of the many statutory provisions involved, to:
a. Extend to persons 18 years of age and older the basic civil and contractual rights and obligations heretofore applicable only to persons 21 years of age or older, including the right to contract, sue, be sued and defend civil actions ...
Two sections in N.J.S.A. 9:17B et seq. deal with the statute of limitations. N.J.S.A. 9:17B 2 declares that the Legislature did not intend to "[a]lter the provisions of N.J.S.A. 2A:14 21 with respect to the time within which a person under 21 years of age as of January 1, 1973 may commence an action or make an entry under a cause or right accrued prior to said date." N.J.S.A. 9:17B-3 provides that
Except with respect to the provisions of N.J.S.A. 2A:14 21 ... every person 18 or more years of age shall in all other matters and for all other purposes be deemed to be an adult and, notwithstanding any other provision of law to the contrary, shall have the same legal capacity to act and the same powers and obligations as a person 21 or more years of age.
It seems clear from these sections that the Legislature intended to protect persons who were under 21 years of age on January 1, 1973, the effective date of N.J.S.A. 9:17B 1 et seq., from having their actions barred. Indeed that is the precise impact of N.J.S.A. 9:17B 2. Absent such a clause it could have otherwise been argued that a person between 18 and 21 on January 1, 1973 would have had only two years from having become 18 to sue or be barred by N.J.S.A. 2A:14 2. Such a result would have immediately barred the actions described in N.J.S.A. 2A:14 2 which had accrued more than two years previously if the plaintiff was 20 years of age on January 1, 1973, *318 even though before that date he would have had at least two years to sue. We are of the view that the Legislature intended to avoid this inequitable result.[1] The broader language referring to N.J.S.A. 2A:14 21 in N.J.S.A. 9:17B 3 should thus be read to be consistent with the explicit limitation of N.J.S.A. 9:17B 2. Any other reading would negate the language of that section confining the continuation of the protection of persons under 21 years of age in N.J.S.A. 2A:14 21 to persons under that age on January 1, 1973.
Our construction is consistent with N.J.S.A. 9:17B 1 and N.J.S.A. 9:17B 3 which indicate that obligations as well as rights are extended to persons between 18 and 21 years of age. It is also consistent with New Jersey State Patrolmen's Benev. Ass'n v. Morristown, 65 N.J. 160 (1974), and State v. Morgenstein, 147 N.J. Super. 234 (App.Div. 1977), which respectively held that N.J.S.A. 9:17B 1 et seq. superseded prior legislation prohibiting employment of persons under 21 as police officers and that a statute entitling indigent litigants 21 years of age or over to free transcripts now applies to persons 18 years of age or older, without regard for their parents' resources. Further the Supreme Court, in Goss v. Allen, 70 N.J. 442 (1976), indicated that "18 years would appear to be the age at which a person should be held to adult responsibility in tort matters." While the court was writing in terms of conduct, it is difficult to see why a different approach should be followed for procedural matters. Our construction is also in harmony with a literal reading of N.J.S.A. 2A:14 21 which, though cast in terms of a time extension for persons under 21 years, in fact by its terms only suspends the running of the applicable statute of limitations until the plaintiff comes to "full age." "Full age" is now 18 years.
*319 Our result reached should not be regarded as a surprise. Indeed the "State Bar Civil Procedure Section Committee Report on Eighteen Year Olds," see 95 N.J.L.J. 1321 (1972), implicitly assumed the result now reached. This is reflected by the emphasis in the report of protection of the right to sue of persons under 21 at the effective date of the act. The report further declared:
[I]t does not appear that the Act will make any substantial changes that will drastically affect the present status of the field of tort law. Some changes, however, will be occasioned due to the fact that a person eighteen years or older will have the right to sue or be sued the same as a person who is presently twenty-one years of age or older. In this regard the new law will eliminate the necessity for a guardian ad litem of the parties between the ages of eighteen and twenty-one whether they be defendants or plaintiffs provided, of course, the party is not an incompetent person. [Id. at 1323]
Finally, plaintiff argues that the trial judge erred in not allowing discovery with respect to the residence of defendant. Plaintiff apparently hoped to establish that for some time after the accident defendant was a nonresident and thus the statute of limitations was tolled. See N.J.S.A. 2A:14 22. Defendant unequivocally swore to a continuous New Jersey residence from the time of the accident to the time the complaint was brought. The response of the trial judge to the motion for summary judgment was correct. The motion should be granted "forthwith" if there is no dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Judson v. People's Bank & Trust Co., 17 N.J. 67 (1954); R. 4:46-2. A party served with a motion for summary judgment may supply an affidavit pursuant to R. 4:46 5(a) indicating why he cannot by affidavit meet the motion. In that event the court may allow discovery. But plaintiff did not comply with this section. While R. 4:46-5(a) is not always strictly enforced, in this case there is nothing in the record to indicate that further discovery might be useful. And indeed since defendant has *320 supplied his place of residence plaintiff has had the opportunity to investigate his claim of residency to raise a factual dispute. The trial judges did not err in not allowing further discovery.
For the foregoing reasons the judgment below is affirmed.
NOTES
[1] Perhaps N.J.S.A. 9:17B-1 et seq. would be construed to allow persons under 23 on January 1, 1973 to have until they became 23 to sue without being barred.