201 N.J. Super. 51 (1985)
492 A.2d 696
DERRICK MCLAUGHLIN, PLAINTIFF-RESPONDENT,
v.
WILLIAM METZNER, DEFENDANT, AND ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1985.
Decided May 10, 1985.
*52 Before Judges FRITZ, GAULKIN and LONG.
John P. Dwyer argued the cause for appellant (Carpenter, Bennett & Morrissey, attorneys; Silvio J. DeCarli, on the brief).
Victoria H. Schwartz argued the cause for respondent (James D. Butler, P.A., attorney).
*53 The opinion of the court was delivered by GAULKIN, J.A.D.
The sole question raised by this appeal is whether the limitation period fixed by N.J.S.A. 39:6A-13.1a for the commencement of an action for the payment of PIP benefits is tolled until the claimant attains the age of 21. We hold that the statute is not so tolled.
Plaintiff filed this action on December 22, 1982. He alleged that he had been injured in an automobile accident on July 4, 1975 when his bicycle collided with an automobile owned and operated by defendant Walter Metzner. The complaint sought damages against Metzner and PIP benefits against defendant Allstate Insurance Company (Allstate). Allstate admitted that it was the insurer of Metzner's automobile but, by separate defense, asserted that plaintiff's action was barred by N.J.S.A. 39:6A-13.1a. Allstate moved for summary judgment on the ground that plaintiff's cause of action was time-barred; the trial judge denied that motion and ordered that plaintiff "is entitled to the benefit" of PIP coverage under the Allstate policy. Allstate appeals.[1]
N.J.S.A. 39:6A-13.1a directs that "[e]very action" for the payment of PIP benefits
shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier....
Plaintiff acknowledges that his action was not filed within the period thus defined. He urges, however, that he is entitled to "the broad and comprehensive protection" afforded by N.J.S.A. 2A:14-21:
If any person entitled to any of the actions or proceedings specified in sections 2A:14-1 to 2A:14-8 or sections 2A:14-16 to 2A:14-20 of this title or to a right or title of entry under section 2A:14-6 of this title is or shall be, at the time of any such cause of action or right or title accruing, under the age of 21 years, or insane, such person may commence such action or make such entry, *54 within such time as limited by said sections, after his coming to or being of full age or of sane mind.[2]
This language is not as comprehensive as plaintiff suggests. N.J.S.A. 2A:14-21 is of limited applicability, providing for tolling only where a plaintiff is "entitled to any of the actions or proceedings" specified in the enumerated statutory sections and extending only the time "limited by said sections." An action to recover PIP benefits is not a proceeding governed by any of the enumerated Title 2A sections, for N.J.S.A. 39:6A-13.1a fixes its own limitation period applicable to "every" action for PIP benefits. Thus, even if the PIP action could be construed as a tort or contract suit, as the motion judge reasoned, the fact remains that the timeliness of the action is fixed by N.J.S.A. 39:6A-13.1a and not by any of the provisions of Title 2A to which N.J.S.A. 2A:14-21 relates. The language of N.J.S.A. 2A:14-21 thus does not permit us to read it as applicable to actions brought under N.J.S.A. 39:6A-13.1a.
The same conclusion was reached in Lind v. Insurance Co. of North America, 174 N.J. Super. 363, 367-68 (Law Div. 1980), aff'd. 193 N.J. Super. 303 (App.Div. 1983) and in Giantonio v. Reliance Ins. Co., 175 N.J. Super. 309 (Law Div. 1980). In other settings as well, our courts have held that the tolling provision in the general statutes of limitations does not apply to statutory causes of action which fix their own limitation provisions. See, e.g., Scharwenka v. Cryogenics Management, Inc., 163 N.J. Super. 16, 21-22 (App.Div. 1978); Uscienski v. National Sugar Refining Co., 19 N.J. Misc. 240, 18 A.2d 611 (C.P. 1941); cf. Gillette v. D., L. & W.R.R. Co., 91 N.J.L. 220 (E. & A. 1917). We also note that when the legislature wanted to incorporate a tolling provision in the Tort Claims Act, it used unmistakable language to do so. N.J.S.A. 59:8-8.
*55 Plaintiff further seeks to support the judgment by urging that he "gave timely notice of his PIP claim thereby obligating Allstate to pay benefits." That contention was never made in the trial court; indeed, counsel for plaintiff acknowledged at the motion hearing that he was not raising any estoppel argument. We will accordingly not consider the claim on appeal. See Misani v. Ortho Pharmaceutical Corp., 44 N.J. 552, 556, cert. den. 382 U.S. 203, 86 S.Ct. 398, 15 L.Ed.2d 270 (1965).
The judgment is reversed. The matter is remanded to the Law Division for entry of judgment in favor of Allstate.
NOTES
[1] The claim against Metzner was dismissed by stipulation.
[2] This provision was not modified by N.J.S.A. 9:17B-1 et seq., which lowered the age of majority from 21 years to 18 years. N.J.S.A. 9:17B-2; Tyson v. Groze, 172 N.J. Super. 314 (App.Div. 1980).