248 N.J. Super. 128 (1991)
590 A.2d 678
ANDREW GREEN, PLAINTIFF-APPELLANT,
v.
AUERBACH CHEVROLET CORP., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 15, 1991.
Decided May 8, 1991.
*129 Before Judges ASHBEY and LANDAU.
Toll, Sullivan & Luthman, attorneys for appellant (David A. Luthman on the brief).
Ronca, McDonald & Hanley, attorneys for respondent (Gerard D. Nolan on the letter brief).
The opinion of the court was delivered by LANDAU, J.A.D.
Plaintiff Andrew Green appeals from an order for summary judgment entered in favor of defendant Auerbach Chevrolet Corp. (Auerbach) on his suit which sought damages said to arise out of a motor vehicle accident caused by reason of Auerbach's failure to correct defects in a steering mechanism.
The trial judge presumably[1] agreed with Auerbach's argument on motion which urged that Green's action was barred by the statute of limitations, N.J.S.A. 2A:14-2, 2A:14-21. Our consideration of the present record requires that we reverse.
Green's date of birth is November 14, 1964. He was seventeen when the accident occurred on May 2, 1982. A Complaint was filed by Green on May 2, 1984 against Auerbach and the General Motors Corporation. It was dismissed on May 24, 1985 *130 for failure to answer interrogatories. The record discloses no entry of a with-prejudice order under R. 4:23-5(a)(2).
A second Complaint, naming only Auerbach as defendant, was filed on October 26, 1987. A default entered against Auerbach for failure to file timely answer was vacated in December, 1988, and an Answer was filed. Neither that Answer nor the Answer to the first Complaint asserted, as required by R. 4:5-4, an affirmative statute of limitations defense.
In September 1989, by leave granted on motion, Auerbach filed an Amended Answer which for the first time asserted a statute of limitations defense. A motion to dismiss the second case for failure to answer interrogatories was granted in November 1989, but the case was reopened on motion in January 1990. This was not challenged by cross-appeal.
Auerbach's summary judgment motion and brief on appeal argued that Green was required to file his Complaint within two years of November 14, 1982, his eighteenth birthday. It correctly urged that, notwithstanding the breach of warranty assertions contained in the Complaint, the action is, in essence, one to recover for personal injury and governed by personal injury limitations law. Raskin v. Shulton, Inc., 92 N.J. Super. 315, 316, 223 A.2d 284 (App.Div. 1966).
The dispute here centers around the correct tolling date to be applied under N.J.S.A. 2A:14-21, which provides:
If any person entitled to any of the actions or proceedings specified in sections 2A:14-1 to 2A:14-8 or sections 2A:14-16 to 2A:14-20 of this title or to a right or title of entry under section 2A:14-6 of this title is or shall be, at the time of any such cause of action or right or title accruing, under the age of 21 years, or insane, such person may commence such action or make such entry, within such time as limited by said sections, after his coming to or being of full age or of sane mind.
The 1972 enactment of N.J.S.A. 9:17B-1, et seq., which in a general sense changed the age of majority from 21 years to 18, appears to have given rise to some confusion in case law interpretation respecting whether it was intended that the *131 21-year age set forth in N.J.S.A. 2A:14-21 should be deemed modified to age 18. N.J.S.A. 9:17B-2e states:
The Legislature by this act does not intend to:
e. Alter the provisions of N.J.S. 2A:14-21 with respect to the time within which a person under 21 years of age on January 1, 1973 may commence an action or make an entry under a cause or right accrued prior to said date;
In Tyson v. Groze, 172 N.J. Super. 314, 411 A.2d 1170 (App. Div. 1980) and again in Seibert v. Cathey, 216 N.J. Super. 197, 523 A.2d 267 (App.Div. 1987), we held that the import of this statute was to serve as a transitional protection for persons who were 20 years old or more on the effective date of the statute, January 1, 1973, and that N.J.S.A. 2A:14-21 must be deemed to have been effectively modified to track the lowered age of majority following expiration of the transition period. In fact, in Seibert, we noted that the first key-number headnote in Tyson incorrectly summarized the holding because it stated that lowering of the age of majority did not modify the 21-years-of-age standard for tolling the statute of limitations contained in N.J.S.A. 2A:14-21. Seibert, supra, 216 N.J. Super. at 200, n. 1, 523 A.2d 267. This headnote interpretation was carried over in the West annotation to N.J.S.A. 2A:14-21.
In McLaughlin v. Metzner, 201 N.J. Super. 51, 492 A.2d 696 (App.Div. 1985), we clearly signaled an interpretation of N.J.S.A. 2A:14-21 which was at variance with the Tyson holding, although consistent with its errant headnote. McLaughlin, supra, 201 N.J. Super. at 54, n. 2, 492 A.2d 696. This disagreement was recognized in Seibert, supra, 216 N.J. Super. at 200, 523 A.2d 267. Further, in Hadden v. Eli Lilly and Co., 208 N.J. Super. 716, 506 A.2d 844 (App.Div.), certif. denied, 104 N.J. 441, 517 A.2d 431 (1986), a case in which the age of the plaintiff made it unnecessary to resolve this difference in views, we restated the transitional approach set forth in Tyson.
More recently, the Supreme Court took note of these differing interpretations of N.J.S.A. 2A:14-21, but declined to resolve the issue because it would not affect the result. Moreover, all parties had assumed, without recognition of the conflict, that 21 *132 years of age was the critical tolling age and had not briefed the issue. Apgar v. Lederle Laboratories, 123 N.J. 450, 455, 588 A.2d 380 (1991). The Court recognized that "a decision on the point must await a case in which the question is squarely presented."
Thus, at the time each of Green's complaints was filed, a substantial equitable argument could have been made for reasonable reliance on the unamended express language of N.J.S.A. 2A:14-21 which continues to this day to employ the "under the age of 21 years" verbiage, and is supplemented by an annotation which states that it was not modified by N.J.S.A. 9:17B-1, et seq. Even the sophisticated counsel in the multi-partied Apgar matter appear to have so relied.
The record contains no statement of reasons for summary judgment. Thus, we cannot tell whether the trial judge considered either that argument or defendant's own dilatory conduct.[2]See the discussion in Rivera v. Prudential Property and Cas. Ins. Co., 104 N.J. 32, 514 A.2d 1296 (1986), and Zaccardi v. Becker, 88 N.J. 245, 440 A.2d 1329 (1982), respecting the effect of equitable considerations upon application of limitation statutes. In consequence, even were we in agreement with Tyson and Seibert, rather than McLaughlin, we would have remanded this matter for more specific findings.
Respectfully, however, we disagree with the Tyson and Seibert holdings. The Supreme Court in Apgar expressly recognized the issue to be "significant," and invited a resolution in a case in which the question is squarely presented. As this is such a matter, we address the issue, noting first that it was also mentioned in Aujero v. Cirelli, 110 N.J. 566, 572-73, 542 A.2d 465 (1988), but not there resolved.
In our view, there is no present ambiguity in the operative statutory sections, N.J.S.A. 9:17B-3 and N.J.S.A. 2A:14-21, *133 sufficient to require resort to the purely advisory language of N.J.S.A. 9:17B-2(e). N.J.S.A. 9:17B-3 begins with the unqualified, unambiguous and specific phrase, "Except with respect to the provisions of N.J.S. 2A:14-21...." before reciting that a person 18 or more years of age shall have the same powers and obligations as a person of 21 years. N.J.S.A. 2A:14-21 has remained unchanged by the Legislature, retaining its "age of 21" language.
Moreover, even if deemed ambiguous because of the Title 9 amendments, principles of legislative construction also support acceptance of retention by N.J.S.A. 2A:14-21 of the 21-year age standard. First, N.J.S.A. 9:17B-1, et seq., is a general statute, broadly extending the rights and obligations theretofore possessed by persons 21 years of age and older to those 18 years of age and older. N.J.S.A. 2A:14-21 is a specific statute, dealing only with tolling of the period of limitations. It was expressly excepted by N.J.S.A. 9:17B-3. A statute covering a particular and definite subject is ordinarily held to prevail over a broad and general one. State, by Highway Com'r v. Dilley, 48 N.J. 383, 387, 226 A.2d 1 (1967).
Next, both N.J.S.A. 9:17B-1, et seq., and N.J.S.A. 2A:14-21 can function quite well in harmony, without negating the clear thrust of the 21-year age set by N.J.S.A. 2A:14-21, as excepted by N.J.S.A. 9:17B-3, or the general 18-year old coming of age provisions in N.J.S.A. 9:17B-3. By contrast, ascribing a superseding effect to the purely advisory interpretive language in N.J.S.A. 9:17B-2(e) would engraft upon N.J.S.A. 9:17B-3 and N.J.S.A. 2A:14-21 a wholly different meaning than facially appears in their verbiage and change the thrust of each statute. Such an interpretation should be avoided. Nero v. Hyland, 76 N.J. 213, 221, 386 A.2d 846 (1978).
Finally, under common law, infants attained majority at the age of 21 years. 42 Am.Jur.2d Infants § 3 (1969). The law infers that a statute does not intend to make any alteration in the common law other than is unambiguously expressed. *134 Fivehouse v. Passaic Valley Water Comm., 127 N.J. Super. 451, 317 A.2d 755 (App.Div.), certif. denied, 65 N.J. 565, 325 A.2d 699 (1974); In re Vadlamudi Estate, 183 N.J. Super. 342, 443 A.2d 1113 (Law Div. 1982). Surely, even if the exception stated in N.J.S.A. 9:17B-3 is not interpreted to unambiguously remove N.J.S.A. 2A:14-21 from its modification of the age-of-majority rule, the contrary intent cannot be said to be unambiguously expressed. In consequence, the age of 21 should be deemed to continue to apply in the interpretation of N.J.S.A. 2A:14-21.
As Green's second Complaint was filed within two years of his twenty-first birthday, we hold that the award of summary judgment under N.J.S.A. 9:17B-3 and 2A:14-21 was erroneous.
Accordingly, we reverse the grant of summary judgment, and remand for further proceedings. It goes without saying that the present state of the authorities and annotations warrants the Legislature's consideration in order to insure that its legislative purpose is properly fulfilled respecting the tolling of statutes of limitation.
NOTES
[1] The record before us contains neither a written nor oral decision, and the order for judgment sets forth no reasons for the ruling. See R. 1:7-4.
[2] The statute of limitations defense was not asserted until two years after the second Complaint was filed, although the Complaint squarely flagged the issue.