606 A.2d 1093

ANDREW GREEN, PLAINTIFF-RESPONDENT, v. AUERBACH CHEVROLET CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued January 21, 1992—Decided June 3, 1992.

Robert J. Kovacs argued the cause for appellant (*Ronca, McDonald & Hanley,* attorneys).

*David A. Luthman* argued the cause for respondent (*Toll, Sullivan & Luthman,* attorneys).

The opinion of the Court was delivered by

STEIN, J.

Prior to January 1, 1973, the two-year statute of limitations for personal-injury actions, *N.J.S.A.* 2A:14–2, was tolled for minor plaintiffs until they attained the age of twenty-one. *N.J.S.A.* 2A:14–21. The Legislature's enactment of *Laws* 1972, *chapter* 81 (chapter 81 or the age-of-majority statute), effective January 1, 1973, has generated twenty years of uncertainty over the question whether that enactment was intended to change from twenty-one years to eighteen years the age until which that statute of limitations is tolled. We recently acknowledged the conflicting decisions on the question in *Apgar v. Lederle Laboratories,* 123 *N.J.* 450, 454–55, 588 *A.*2d 380 (1991). In a published opinion, the Appellate Division held that chapter 81 did not modify *N.J.S.A.* 2A:14–21, thereby determining that twenty-one years continues to be the age until which the various statutes of limitation referred to in *N.J.S.A.* 2A:14–21 are tolled. *Green v. Auerbach Chevrolet Corp.,* 248 *N.J.Super.* 128, 132–34, 590 *A.*2d 678 (1991). We granted certification. 126 *N.J.* 339, 598 *A.*2d 896 (1991). We conclude, contrary to the

Appellate Division, that chapter 81 modified *N.J.S.A.* 2A:14–21, with the result that the relevant statutes of limitation are tolled until a plaintiff attains eighteen rather than twenty-one years of age.

## I

Plaintiff, Andrew Green, born November 14, 1964, was seventeen years of age when he sustained personal injuries in an automobile accident on May 2, 1982. Green had been driving his parents' 1980 Chevrolet, purchased by Green's father in 1979 from defendant, Auerbach Chevrolet Corp. (Auerbach). The car veered off the road and hit a telephone pole, allegedly because of a defective steering mechanism that Auerbach had failed to repair.

Green filed suit against Auerbach and General Motors Corporation on May 2, 1984, when Green was nineteen years of age, but the complaint was dismissed without prejudice about a year later because of Green's failure to answer interrogatories. See *Rule* 4:23–5(a). Green filed a second complaint against Auerbach as the sole defendant on October 26, 1987, a few weeks before he attained the age of twenty-three. In September 1989, Auerbach amended its answer to the complaint to set forth a statute-of-limitations defense.

Auerbach moved for summary judgment. Relying on *N.J.S.A.* 2A:14–21, as well as several Appellate Division decisions interpreting *N.J.S.A.* 9:17B–1 to –3, Auerbach contended that Green was required to have filed the second complaint within two years of November 14, 1982, his eighteenth birthday. The Law Division granted Auerbach's motion for summary judgment. As noted, the Appellate Division reversed, observing that principles of statutory construction support "acceptance of retention by *N.J.S.A.* 2A:14–21 of the 21–year age standard," and concluding that the second complaint had been timely filed because the statute of limitations had been tolled

until Green attained the age of twenty-one. 248 *N.J.Super.* at 133–34, 590 *A.*2d 678.

## II

*N.J.S.A.* 2A:14–1 to –34 prescribes the statutory limitation periods for various causes of actions. Several of those limitation periods, including the two-year statute of limitations for personal-injury actions, are tolled by *N.J.S.A.* 2A:14–21 (the tolling provision):

> If any person entitled to any of the actions or proceedings specified in sections 2A:14–1 to 2A:14–8 or sections 2A:14–16 to 2A:14–20 of this title or to a right or title of entry under section 2A:14–6 of this title is or shall be, at the time of any such cause of action or right or title accruing, under the age of 21 years, or insane, such person may commence such action or make such entry, within such time as limited by said sections, after his coming to or being of full age or of sane mind.

Effective January 1, 1973, the Legislature lowered the age of majority in New Jersey from twenty-one to eighteen. *L.*1972, *c.* 81 (codified at *N.J.S.A.* 9:17B–1 to –3). *N.J.S.A.* 9:17B–1 consists of a legislative declaration of intent, pending revision and amendment of other statutes, to extend to eighteen-year-olds the basic civil and contractual rights and obligations that previously had been available only to those twenty-one years of age or older:

> The Legislature finds and declares and by this act intends, pending the revision and amendment of the many statutory provisions involved, to:
>
> a. Extend to persons 18 years of age and older the basic civil and contractual rights and obligations heretofore applicable only to persons 21 years of age or older, including the right to contract, *sue, be sued* and defend civil actions, apply for and be appointed to public employment, apply for and be granted a license or authority to engage in a business or profession subject to State regulation, serve on juries, marry, adopt children, attend and participate in horse race meetings and parimutuel betting and other legalized games and gaming, except as otherwise provided in subsection c. of this section, sell, purchase and consume alcoholic beverages, act as an incorporator, registered agent or director of a corporation, consent to medical and surgical treatment, execute a will, and to inherit, purchase, mortgage or otherwise encumber and convey real and personal property.
>
> b. Abolish the right of a person between the ages of 18 and 21 years to disaffirm and be relieved of contractual obligations by reason of age.

[Emphasis added.]

*N.J.S.A.* 9:17B–2 is a transitional provision apparently intend-ed to limit the effect of the change in the age of majority to avoid its application to certain persons between eighteen and twenty-one that might unintentionally be benefitted or disad-vantaged if the age-of-majority statute were applied to them. That statute provides:

> The Legislature by this act does not intend to:
>
> a.  Effect the release from confinement or transfer from one institution to another of a person attaining age 18 rather than 21 years;
>
> b.  Affect the right of a court to exercise its discretion in not sentencing a person between 18 and 21 years of age to a State Prison;
>
> c.  Alter the right of persons under 20 years of age to be eligible for enrollment in public schools;
>
> d.  Alter the provisions of the uniform laws relative to gifts or transfers to minors;
>
> e.  *Alter the provisions of N.J.S. 2A:14–21 with respect to the time within which a person under 21 years of age on January 1, 1973 may commence an action or make an entry under a cause or right accrued prior to said date;*
>
> f.  Alter the provisions of services pursuant to the laws relating to depend-ent and neglected children, allocated to chapter 4C of Title 30 of the Revised Statutes (C.30:4C–1 to 30:4C–44), to persons between 18 and 21 years of age who seek to avail themselves of such services and who are enrolled in a school or training program below college level or who require a course of treatment for emotionally, cognitively or physically disabled persons.
>
> [*N.J.S.A.* 9:17B–2 (emphasis added).]

*N.J.S.A.* 9:17B–3 provides that subject to certain exceptions, every person eighteen years of age or older is an adult with the same rights and duties as a person twenty-one years of age or older.  The very first exception set forth refers to the provi-sions of *N.J.S.A.* 2A:14–21.  In relevant part, *N.J.S.A.* 9:17B–3 provides:

> Except with respect to the provisions of N.J.S. 2A:14–21, * * * every person 18 or more years of age shall in all other matters and for all other purposes be deemed to be an adult and, notwithstanding any other provision of law to the contrary, shall have the same legal capacity to act and the same powers and obligations as a person 21 or more years of age.

Although the exception of the provisions of *N.J.S.A.* 2A:14–21 from the overall effect of the age-of-majority statute might be read to suggest that the Legislature intended to continue the tolling of statutes of limitation until age twenty-one, the better-

reasoned Appellate Division decisions reach a different conclusion. In *Tyson v. Groze*, 172 *N.J.Super.* 314, 411 *A.*2d 1170 (1980), the Appellate Division affirmed the dismissal of a complaint for personal injuries filed more than two years after the accident but less than two years after plaintiff had attained twenty-one years of age. Plaintiff was nineteen when the automobile accident had occurred. She relied on *N.J.S.A.* 2A:14–21, contending that she had two years from her twenty-first birthday within which to file suit.

The Appellate Division concluded that the age-of-majority statute modified *N.J.S.A.* 2A:14–21 to reduce from twenty-one to eighteen the age until which the various statutes of limitation were tolled. To support its conclusion, the court observed that *N.J.S.A.* 9:17B–2e obviously had been enacted on the assumption that the tolling age had been reduced from twenty-one to eighteen, and therefore plaintiffs between the ages of eighteen and twenty-one on the effective date of chapter 81 had to be protected from having actions barred that under prior law could have been filed at any time prior to their twenty-third birthdays. *Tyson, supra,* 172 *N.J.Super.* at 317–18, 411 *A.*2d 1170. The court noted that

> [a]bsent such a clause [*N.J.S.A.* 9:17B–2e] it could have otherwise been argued that a person between 18 and 21 on January 1, 1973 would have had only two years from having become 18 to sue or be barred by *N.J.S.A.* 2A:14–2. Such a result would have immediately barred the actions described in *N.J.S.A.* 2A:14–2 which had accrued more than two years previously if the plaintiff was 20 years of age on January 1, 1973, even though before that date he would have had at least two years to sue. We are of the view that the Legislature intended to avoid this inequitable result.
>
> [*Ibid.*]

The court also rejected the suggestion that the exception of the tolling provision from the operative effect of the age-of-majority statute, *N.J.S.A.* 9:17B–3, reflected a legislative intent to retain twenty-one as the age until which the statutes of limitation were tolled:

> The broader language referring to *N.J.S.A.* 2A:14–21 in *N.J.S.A.* 9:17B–3 should thus be read to be consistent with the explicit limitation of *N.J.S.A.* 9:17B–2. Any other reading would negate the language of that section confining the

continuation of the protection of persons under 21 years of age in *N.J.S.A.* 2A:14-21 to persons under that age on January 1, 1973.
[*Id.* at 318, 411 *A.*2d 1170.]

Other Appellate Division decisions are consistent with the holding in *Tyson*. *See, e.g., Hadden v. Eli Lilly & Co.*, 208 *N.J.Super.* 716, 719–22, 506 *A.*2d 844 (holding that discovery rule could be waived in order to afford plaintiff benefit of transitional provisions of *N.J.S.A.* 9:17B–2 extending time to file complaint until plaintiff attained age twenty-three), *certif. denied*, 104 *N.J.* 441, 517 *A.*2d 431 (1986); *Seibert v. Cathey*, 216 *N.J.Super.* 197, 199–200, 523 *A.*2d 267 (1987) (applying *Tyson, supra,* to dismiss complaint for personal injuries plaintiff sustained at age seventeen when complaint filed before plaintiff attained age twenty-one but more than two years after attaining age eighteen).

Other than the opinion below, the only decision expressing a contrary viewpoint is *McLaughlin v. Metzner*, 201 *N.J.Super.* 51, 492 *A.*2d 696 (App.Div.1985). In that case the plaintiff's claim for the payment of personal-injury-protection (PIP) benefits was time-barred by virtue of *N.J.S.A.* 39:6A–13.1a, which required that the claim be filed no later than four years after the accident. The plaintiff contended that the limitations provision of the PIP statute was tolled by *N.J.S.A.* 2A:14–21, thereby permitting the plaintiff to file the claim at any time prior to his twenty-third birthday. Although holding that the provisions of the tolling statute did not apply to PIP claims, the court observed by way of *dicta* that *N.J.S.A.* 2A:14–21 "was not modified by *N.J.S.A.* 9:17B–1 *et seq.,* which lowered the age of majority from 21 years to 18 years." *Id.* at 54 n. 2, 492 *A.*2d 696.

The court below determined that because the Legislature had not amended the tolling provision and had excepted the tolling provision from the operative effect of the age-of-majority statute, the unambiguous statutory language compelled the conclusion that twenty-one continued to be the age until which the statutes of limitation were tolled. 248 *N.J.Super.* at 132–33,

590 *A*.2d 678. Even assuming an ambiguity, the court determined that *N.J.S.A.* 2A:14–21, a specific statute dealing only with tolling of statutes of limitation, should ordinarily be construed to prevail over chapter 81, which it characterized as a general statute. *Id.* at 133, 590 *A*.2d 678. The court also noted that because the age of majority at common law had been twenty-one, a statute purporting to alter the common law would not be so construed unless that purpose was unambiguously expressed. *Ibid.*

We conclude that the tolling provision and the age-of-majority statute, read together, reflect a clear legislative purpose to lower the age of majority from twenty-one to eighteen for all purposes, including the establishment of eighteen as the age until which the statutes of limitation referred to in *N.J.S.A.* 2A:14–21 are tolled. Although the literal language of *N.J.S.A.* 9:17B–3 provides that the tolling provision is an exception to the general provisions of chapter 81, a basic principle of statutory construction is that a statute must be "construed as a whole with reference to the system of which it is a part." *Township of Millburn v. Block 1208,* 189 *N.J.Super.* 523, 527, 461 *A*.2d 163 (Ch.Div.1983); *accord Loboda v. Township of Clark,* 40 *N.J.* 424, 435, 193 *A*.2d 97 (1963); *see also Giles v. Gassert,* 23 *N.J.* 22, 34, 127 *A*.2d 161 (1956) ("The literal sense of [statutory] terms is not to have ascendancy over the reason and spirit of the expression as a whole."). That principle dictates that the exception of the tolling provision in *N.J.S.A.* 9:17B–3 be read in the context of the other sections of the age-of-majority statute.

Another fundamental rule of statutory construction is that a court "should try to give effect to every word of the statute, and should not assume that the Legislature used meaningless language. Nor should we construe the statute to render part of it superfluous." *Medical Soc'y of New Jersey v. New Jersey Dep't of Law and Pub. Safety,* 120 *N.J.* 18, 26–27, 575 *A*.2d 1348 (1990) (citations omitted). That principle is of particular relevance in construing chapter 81 because a literal reading of the exception in *N.J.S.A.* 9:17B–3 would nullify the transitional

provisions of *N.J.S.A.* 9:17B–2. As noted, that section of chapter 81 can be understood only as acknowledging that the tolling age has been reduced from twenty-one to eighteen, and its obvious purpose is to avoid prejudice that would otherwise result to plaintiffs between eighteen and twenty-one whose causes of action had previously accrued. *Supra* at 595; *accord Tyson, supra,* 172 *N.J.Super.* at 317, 411 *A.*2d 1170. Because the provisions of *N.J.S.A.* 9:17B–2 would be meaningless if chapter 81 did not reduce from twenty-one to eighteen the age at which the various statutes of limitation are tolled, the exception of the tolling provision in *N.J.S.A.* 9:17B–3 must necessarily be understood to refer to the tolling provision as modified by the transitional provisions of *N.J.S.A.* 9:17B–2.

That the Legislature has not amended *N.J.S.A.* 2A:14–21 to formalize the change in the tolling age from twenty-one to eighteen does not affect our conclusion. The age-of-majority statute specifically acknowledges the Legislature's intent to change the age of majority from twenty-one to eighteen, "pending the revision and amendment of the many statutory provisions involved." *N.J.S.A.* 9:17B–1. In *New Jersey State Policemen's Benevolent Ass'n v. Town of Morristown,* 65 *N.J.* 160, 320 *A.*2d 465 (1974), we also considered the significance of the Legislature's failure to amend the statute prohibiting employment of persons under twenty-one as police officers, in determining whether the age-of-majority statute superseded the twenty-one-year minimum-age requirement. In concluding that the age-of-majority statute reduced the minimum age for employment of police officers from twenty-one to eighteen, we observed:

> Of the numerous means of altering the age of majority, the Legislature has chosen in one enactment to eradicate 21 as the age of majority and substitute age 18 rather than initially attempt the massive task of ferreting out each and every statute [that] would require alteration.
>
> [*Id.* at 165, 320 *A.*2d 465.]

*See also State v. Morgenstein,* 147 *N.J.Super.* 234, 239 n. 1, 371 *A.*2d 96 (App.Div.1977) (holding that age-of-majority statute impliedly amended *N.J.S.A.* 2A:158A–25, which entitled indigent

litigants twenty-one years of age or older to free transcripts without regard to parents' resources).

The acknowledged purpose of statutes that toll statutory limitations periods for infants is "to protect minors who presumably are not well-versed in legal, practical and business matters, from the adverse consequences of their inexperience." *Harrigfeld v. District Court*, 95 *Idaho* 540, 511 *P*.2d 822, 826 (1973). In view of the legislative determination, embodied in the age-of-majority statute, to change the age of majority from twenty-one to eighteen, we are persuaded that the Legislature intended a parallel change in the age until which the various statutory limitation provisions are tolled. In a different context, referring to the standard of care to which minors should be held, we have observed that "18 years would appear to be the age at which a person should be held to adult responsibility in tort matters." *Goss v. Allen*, 70 *N.J.* 442, 449, 360 *A*.2d 388 (1976). Although that reference was to substantive conduct, it may be applied with equal force to the obligation to institute suit. Finally, we note that in other states that have legislated a change in the age of majority from twenty-one to eighteen, courts have similarly concluded that those statutes amended by implication the age until which the state's statutes of limitations were tolled. *See McClain v. Chavez*, 178 *Ind.App.* 560, 383 *N.E.*2d 414, 415 (1978); *Harris v. Wilcox*, 384 *Mass.* 57, 424 *N.E.*2d 193, 194 (1981); *Norton v. Patten*, 125 *N.H.* 413, 480 *A*.2d 190, 192 (1984).

## III

Our holding that the age-of-majority statute reduced from twenty-one to eighteen the age at which the statutes of limitations referred to in *N.J.S.A.* 2A:14–21 are tolled will be applied prospectively. Although retroactive application of judicial decision is the general rule, *Rutherford Educ. Ass'n v. Board of Educ.*, 99 *N.J.* 8, 21, 489 *A*.2d 1148 (1985), the primary focus in resolving questions of retroactivity is with "considera-

tions of fairness and justice, related to reasonable surprise and prejudice to those affected." *New Jersey Election Law Enforcement Comm'n v. Citizens,* 107 *N.J.* 380, 388, 526 *A.*2d 1069 (1987). As noted *supra* at 592, we adverted in *Apgar, supra,* to the unsettled state of the law on this question, observing that "[t]he issue is too significant to be addressed without the benefit of briefing and argument, and hence a decision on the point must await a case in which the question is squarely presented." 123 *N.J.* at 455, 588 *A.*2d 380. In view of the uncertainty over the issue that has persisted since enactment of the age-of-majority statute, we are satisfied that the interests of justice will be better served by prospective application of our decision. *Accountemps v. Birch Tree Group,* 115 *N.J.* 614, 628, 560 *A.*2d 663 (1989).

Although the grounds of our decision differ markedly from those of the court below, we nevertheless reach the same result and thus affirm the judgment of the Appellate Division. No costs.

*For affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For reversal*—None.