# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3738-18T3

R.T.,[1]

     Plaintiff-Appellant,

v.

Z.S.,

     Defendant-Respondent.

_____

> Argued February 12, 2020 – Decided June 23, 2020
>
> Before Judges Fuentes, Haas and Mayer.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-0199-19.
>
> Adam G. Rosenberg argued the cause for appellant.
>
> Charly Gayden argued the cause for respondent (Reid Weinman, attorney; Reid Weinman, of counsel; Charly Gayden, on the brief).

---

[1] We refer to the parties by initials to protect their privacy. R. 1:38-3(d)(10).

PER CURIAM

Plaintiff R.T. appeals from the order of the Family Part that granted defendant S.Z.'s motion for an award of counsel fees pursuant to Rule 5:3-5, following the court's decision to deny plaintiff a final restraining order (FRO) against defendant under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We reverse.

The parties dated for five years. During the last two years of their relationship, both parties filed multiple complaints alleging acts of domestic violence against each other, many of which were found to be meritless and dismissed. On July 24, 2018, plaintiff filed his fourth domestic violence complaint against defendant alleging three predicate acts under N.J.S.A. 2C:25-19, to wit: harassment, N.J.S.A. 2C:33-4; stalking, N.J.S.A. 2C:12-10; and criminal mischief, N.J.S.A. 2C:17-3. Plaintiff obtained a temporary restraining order (TRO) against defendant, with a return date of September 11, 2018 for the FRO hearing.

After considering the testimony from both parties and defendant's witnesses, the Family Part judge issued an oral decision in which he dismissed plaintiff's complaint and vacated the TRO against defendant as a matter of

credibility. In the judge's own words: "frankly . . . I don't find [plaintiff] to be credible."

On October 24, 2018, defendant's counsel filed a certification in support of an application for attorney's fees pursuant to Rule 5:3-5. In an order dated November 16, 2018, the Family Part judge awarded defendant $2800 in counsel fees without opposition from plaintiff. It is uncontested, however, that defendant's counsel inadvertently failed to serve plaintiff's counsel with the motion papers. Once he received the court's order awarding counsel fees, plaintiff's counsel immediately moved for reconsideration.

The matter came for oral argument before the Family Part judge on February 13, 2019. After some initial discussions, the judge asked plaintiff's counsel whether it was his position that a "defendant in a domestic violence matter, if successful, [could] never be awarded attorney's fees." In response, plaintiff's counsel stated that a defendant who prevails in a PDVA case can only be awarded counsel fees if the court finds the complaint was frivolous or was brought in bad faith under N.J.S.A. 2A:15-59.1. Plaintiff's counsel further emphasized that the PDVA authorized a court to grant counsel fees only to the plaintiff as part of compensatory damages.

The judge rejected this argument outright and stated: "I disagree with you that it has to be frivolous litigation for attorney's fees to be awarded. That's where we part ways . . . you may have to go to the Appellate Division; I don't agree with you." The judge thereafter provided the following explanation for granting defendant's application for an award of attorney's fees pursuant to Rule 5:3-5:

> The [c]ourt can award attorney's fees and . . . [under] Rule 5:3-5. There it says under subsection (c), an award of attorney's fees is subject to provisions of Rule 4:42-9(b), (c), and (d). In the discretion of the [c]ourt, the [c]ourt may make . . . allowances for attorney's fees. It says . . . on final determination . . . the [c]ourt finds that it would be deemed just in any successful -- party that is successful in an action. It can be in a claim for divorce, dissolution of a civil union, termination of domestic partnership.
>
> It goes on and then it has a catchall, and any other claims relating to family type matters, which is the catchall. It gives the [c]ourt the right to – to award attorney's fees. The problem with the only application is that there's no applications of services. In this case the [c]ourt notes that the parties have been in court multiple times.
>
> And the [c]ourt finds that at the time – at the hearing the [c]ourt finds that . . . the plaintiff was not credible. And counsel wants to argue that he brought the claim in good faith. The [c]ourt, trying to preserve some level of decorum if you will, did not outright call the plaintiff a liar, but I found that he lacked credibility. And if you were to take that argument further, the [c]ourt would

4

find that it was brought in bad faith. The [c]ourt notes that these parties go back to 2015. And there had been complaints filed by both parties.

But here the [c]ourt finds more importantly that the discussions of settlements and good faith and all of that is of no consequence. The rule simply says that in the [c]ourt's discretion, if the [c]ourt deems it to be just, that attorney's fees can be awarded. I find that to be the case.

Twenty-five years ago in <u>M.W. v. R.L.</u>, 286 N.J. Super. 408 (1995), this court was asked to decide, as a matter of first impression, whether a prevailing defendant in an action filed by a plaintiff under the PDVA could recover counsel fees. Writing for the court, then Judge Long[2] explained why an award of counsel fees to a defendant in this context would directly undermine the public policy underpinning the PDVA:

In our view, even if a domestic violence complaint could be conceived of as a family type matter for purposes of [Rule] 4:42-9, the rule cannot be invoked to award counsel fees to a prevailing non-victim in a domestic violence case. Otherwise, the chilling effect the Legislature tried to avoid by limiting the award of fees to victims under the Domestic Violence Act would certainly result. By invoking [Rule] 4:42-9(a)(1), a prevailing non-victim would, in effect, succeed in obtaining by indirection a benefit intentionally made

---

[2] Justice Virginia Long served on the Appellate Division from 1984 until 1999, when she was appointed by Governor Christine Wittman to serve as an Associate Justice of the Supreme Court. Justice Long retired from the Court in 2012.

unavailable under the Domestic Violence Act. This cannot be countenanced.

[Id. at 411.]

Thus, the Legislature expressly provided counsel fees under the PDVA as part of a list of compensatory damages imposed on defendants to compensate victims of domestic violence:

> An order requiring the defendant to pay to the victim monetary compensation for losses suffered as a direct result of the act of domestic violence. The order may require the defendant to pay the victim directly, to reimburse the Victims of Crime Compensation Office for any and all compensation paid by the Victims of Crime Compensation Office directly to or on behalf of the victim, and may require that the defendant reimburse any parties that may have compensated the victim, as the court may determine. Compensatory losses shall include, but not be limited to, loss of earnings or other support, including child or spousal support, out-of-pocket losses for injuries sustained, cost of repair or replacement of real or personal property damaged or destroyed or taken by the defendant, cost of counseling for the victim, moving or other travel expenses, reasonable attorney's fees, court costs, and compensation for pain and suffering. Where appropriate, punitive damages may be awarded in addition to compensatory damages.
>
> [N.J.S.A. 2C:25-29b(4) (emphasis added).]

Against this backdrop, Judge Long explained in M.W. that when "a party files a domestic violence complaint in bad faith, based on his or her own perjured

6

testimony or suborned perjured testimony, N.J.S.A. 2A:15-59.1 permits the award of counsel fees in order to punish the filing party and deter the improper conduct of litigation in the future." 286 N.J. Super. at 412 (emphasis added). Here, although the Family Part judge did not find plaintiff's testimony credible, he did not find plaintiff filed this domestic violence complaint in bad faith or presented perjured testimony within the meaning of N.J.S.A. 2C:28-1.

The "American Rule" provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Redine v. Pantzer, 141 N.J. 292, 321 (1995) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 247 (1975)). "Although New Jersey generally disfavors the shifting of attorneys' fees, a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 440 (2001) (internal citations omitted) (emphasis added).

New Jersey's frivolous litigation statute "has been recognized as serving a dual purpose." Tolls Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 67 (2007). "On the one hand, 'the statute serves a punitive purpose, seeking to deter frivolous litigation.' On the other hand, the statute serves a compensatory purpose, seeking to reimburse 'the party that has been victimized by the party

bringing the frivolous litigation.'"  Ibid. (quoting Deutch & Shur, P.C. v. Roth, 248 N.J. Super. 133, 141 (App. Div. 1995)).

N.J.S.A. 2A:15-59.1a(1) authorizes an award of attorneys' fees if the judge finds that "a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous."  In making such a finding, the trial court must determine whether:

> (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
>
> (2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [N.J.S.A. 2A:15-59.1b(1) to -59.1b(2).]

Rule 1:4-8(f) provides "[t]o the extent practicable, the procedures prescribed by this rule shall apply to the assertion of costs and fees against a party other than a pro se party pursuant to N.J.S.A. 2A:15-59.1."  In Bove v. AkPharma Inc., we held:

> Strict compliance with each procedural requirement of Rule 1:4-8 is "a prerequisite to recovery[,]" and failure to conform to the rule's procedural requirements will result in a denial of the request for an attorney's fees

sanction. [State v. Franklin Sav. Account No. 2067, 389 N.J. Super. 272, 281 (App. Div. 2006).] For example, a frivolous litigation motion must be filed "no later than [twenty] days following the entry of final judgment." R. 1:4-8(b)(2). Also, subsection (b)(1) of Rule 1:4-8 requires a party seeking frivolous litigation sanctions to "file a separate motion [for the sanction] describing the specific conduct alleged to be a violation of the Rule." Toll Bros., 190 N.J. at 69. Prior to filing such a motion, the litigant seeking the sanction must "serve a written notice and demand on the attorney or pro se party, which must include a request that the allegedly frivolous paper [or pleading] be withdrawn." Ibid. This notice is generally referred to as a "safe harbor" notice. Ibid. The notice must "set [] forth 'with specificity' the basis for his or her belief that the pleading is frivolous. The notice must be sufficiently specific and detailed to provide an opportunity to 'withdraw the assertedly offending pleadings.'" Ferolito v. Park Hill Ass'n, 408 N.J. Super. 401, 408 (App. Div. 2009) (quoting Trocki Plastic Surgery Ctr. v. Bartkowski, 344 N.J. Super. 399, 406 (App. Div. 2001)). See R. 1:4-8(b)(1)(i)-(ii).

> [460 N.J. Super. 123, 149-50 (App. Div. 2019) (alterations in original) (emphasis added).]

Our Supreme Court has explained the importance of these procedural requirements:

> Although the notice requirement may have a limiting impact on the compensation that one may receive for costs and fees, the public policies underlying N.J.S.A. 2A:15-59.1 militate in favor of requiring that claims against parties meet the Rule's procedural requirements to the fullest extent possible. By insisting on compliance as soon as practicable, the salutary benefits of adhering to the notice requirement will more

9

> promptly rid the judicial forum of frivolous litigation behavior and will concomitantly provide reimbursement for the fees and costs actually attributable to an adversary's uncorrected offending conduct.
>
> [Tolls Bros., 190 N.J. at 72 (emphasis added).]

Although the Family Part judge invoked Rule 5:3-5(c) for his authority to grant defendant's motion for an award of attorney's fees, his decision was premised on the alleged frivolous nature of plaintiff's domestic violence claims. However, the record does not contain any evidence of defendant's attempt to comply with the procedural requirements of Rule 1:4-8. While defense counsel represented orally that he served plaintiff's counsel with a letter indicating that he would pursue attorney's fees, there was no separate formal motion filed as required by Rule 1:4-8(b)(1). Without the letter in the appellate record, there is no way to determine whether defendant made a good faith attempt to comply with the "safe-harbor" provisions of Rule 1:4-8(b)(1). Finally, defendant filed this application for counsel fees forty-three days after the entry of final judgment, well beyond the twenty-day timeframe set out in Rule 1:4-8(b)(2).

In short, the Family Part judge's decision does not reflect an appreciation for these substantive and procedural requirements and is utterly irreconcilable

with a dispositive, precedential opinion from this court published a quarter century ago.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION