Sherron ROLAX, Plaintiff,

v.

Christine Todd WHITMAN, Carl Williams, Superintendent of the State Police of New Jersey, Joseph Shanahan, William Malast, Edgar Hess, State of New Jersey, New Jersey State Police, John Does 1–20, Defendants.

No. CIV. A. 01–1954.

United States District Court, D. New Jersey.

Nov. 1, 2001.

Saul J. Steinberg, Sufrin, Zucker, Steinberg, Waller & Wixted, P.C., Camden, NJ, for Plaintiff.

John J. Farmer, Jr., Attorney General of New Jersey, Brian G. Flanagan, James Harris, Deputy Attorneys General, R.J. Hughes Justice Complex, Trenton, NJ, for Defendants.

## OPINION

ORLOFSKY, District Judge.

This case, which alleges that the former Governor of New Jersey, Christine Todd Whitman, and the New Jersey State Police unlawfully detained and searched Plaintiff in violation of his constitutional rights, stands apart from the legions of similar cases. This notoriety arises from the involvement of former Governor Whitman as a principal state actor in the events giving rise to this case. Plaintiff alleges that Governor Whitman agreed to pose for a photograph which depicted her frisking Plaintiff after it had already been determined that he possessed no weapons or contraband in an earlier search of the Plaintiff conducted by the New Jersey State Police. It is this "posed" stop and frisk of Plaintiff which is the centerpiece of this lawsuit.

On July 6, 2001, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), claiming that Plaintiff's Complaint is time-barred by the relevant statutes of limitations and by Plaintiff's failure to comply with the mandatory notice requirements of the New Jersey Tort Claims Act, N.J.S.A. § 59:8–3. This time bar exists, Defendants assert, even if the applicable statutes of limitations are tolled for the period of Plaintiff's infancy.

I need not address the merits of Plaintiff's Complaint because he cannot overcome the procedural hurdles presented by the expiration of the applicable statutes of limitations, or his failure to file a timely Notice of Claim under the New Jersey Tort Claims Act. Although this result deprives the Plaintiff of an opportunity to litigate the merits of his claims, it has been long recognized that: "[a]lthough any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interest in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463–64, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *accord Sun Oil Co. v. Wortman*, 486 U.S. 717, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988)("The statute of limitations a State enacts represents a balance between, on the one hand, its substantive interest in vindicating substantive claims and, on the other hand, a combination of its procedural interest in freeing its courts from adjudicating stale claims and giving individuals repose from ancient breaches of law"). Even constitutional rights "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States*, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944). For the reasons set forth below, Defendants' Motion to Dismiss shall be granted and Plaintiff's Motion for leave to file a late Notice of Claim under the New Jersey Tort Claims Act will be denied.

This Court's conclusion that Plaintiff's claims are procedurally barred, however, should not be construed as expressing any opinion as to the merits of his claims, or the conduct of Defendants. Because Defendants have moved to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted, this Court must accept as true all well-pled allegations in Plaintiff's Complaint. I note in passing that the violation of an individual's civil rights by state officials entrusted with their protection, if true, is reprehensible conduct that cannot be condoned by a society whose Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

## I. BACKGROUND

On April 24, 2001, Plaintiff, Sherron Rolax ("Rolax"), filed this civil rights action against the State of New Jersey, the New Jersey State Police, former Governor of New Jersey, Christine Todd Whitman, Carl Williams, the former Superintendent of the New Jersey State Police, and several New Jersey State Police officers, alleging violations of 42 U.S.C. § 1983(2000) (Counts One, Two, Three), the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5–1 *et seq.* (Count Four), common law battery (Count Five), and Invasion of Privacy/Publication (Count Six).

Counts One through Five arise from Defendants' detention and search of Rolax on or about May, 1996, for possible possession of contraband or weapons. Rolax was detained after an initial "Terry" search[1]

---

1. In *Terry v. Ohio*, the United States Supreme Court held that there is a narrow exception to the Fourth Amendment which permits a police officer to conduct a limited search for weapons when the police officer has a reasonable belief that he is dealing with an armed

and dangerous individual, regardless of whether the officer has probable cause to arrest that individual for a crime. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

revealed that he was not in possession of any illegal materials; he was subsequently frisked by Defendant, Christine Todd Whitman. After this second search, Rolax was released.

Count Six alleges a violation of Rolax's privacy interests by the publication of a photograph, on or about July, 2000. Specifically, Count Six alleges:

The publication and use of the likeness of Plaintiff in the unlawful manner set forth in this complaint constitutes a violation of the legitimate privacy interests of Plaintiff under the Constitutions of the State of New Jersey and the United States of America. As a direct and proximate result of the aforesaid knowing, wilful and/or reckless violations of the Defendants, or any of them, Plaintiff Rolax has endured and will continue to endure suffering and mental anguish and was otherwise damaged.

See Compl. ¶¶ 58, 59.

The photograph depicts Rolax being searched by Defendant, Christine Todd Whitman. In the Statement of Facts section of their brief filed in support of the Motion to Dismiss, Defendants contend that "Count six [sic] seems to involve the publication of a photograph by unidentified newspapers in or about July 2000. The unidentified newspapers which allegedly published the photograph have not been named as defendants in this action." Def.'s Br. at 1. On a Motion to Dismiss, however, the Court is obligated to draw all reasonable inferences in the plaintiff's favor. Although inartfully pled, it is possible to construe Count Six as alleging that the Defendants were involved in providing the photograph of Rolax to the newspapers who published it, thus implicating Defendants in the publication of the photograph. Thus, although neither side briefed the

arguments in support of or in opposition to a dismissal of Count Six, the Court will construe Count Six as alleging Defendants' complicity in the publication of the photograph.

■ Rolax attempts to defeat the harsh effect of the running of the applicable statutes of limitations on Counts One through Five by arguing that his cause of action did not accrue until July, 2000 when his photograph was published in the newspapers along with a report of an alleged "conspiracy" among the Defendants to violate his constitutional rights. In support of this theory, Rolax relies upon New Jersey's judicially created "discovery rule." Under the "discovery rule," a cause of action does not accrue so long as Plaintiff is "reasonably unaware either that he [or she] has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity." *Mancuso v. Neckles*, 163 N.J. 26, 29, 747 A.2d 255 (2000).

Regarding his common law tort claim, Rolax also makes an application to the Court to file a late Notice of Claim pursuant to N.J.S.A. § 59:8–9 of the New Jersey Tort Claims Act, which permits a Plaintiff to file a Notice of Claim within one year of the accrual of his cause of action upon court order after notice.

This Court heard oral argument on October 12, 2001, to consider the tolling of the statutes of limitations based upon Rolax's infancy at the time of the incident[2], and the applicability of the "discovery rule" to the facts of this case.

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim under which

---

**2.** At the time of the incident giving rise to his Complaint, in or about May, 1996, Rolax was fifteen years old, *see* Certification ¶ 2 (October 24, 2001), and thus a minor under New Jersey law. N.J.S.A. § 9:17B–3 (West 2000).

relief can be granted" is governed by the following legal standard: "In considering a motion to dismiss under Rule 12(b)(6), the Court may dismiss a complaint if it appears certain that the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief." *Mruz v. Caring, Inc.*, 39 F.Supp.2d 495, 500 (D.N.J.1999) (Orlofsky, J.) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988)). "While all well-pled allegations are accepted as true and reasonable inferences are drawn in the plaintiff's favor, the Court may dismiss a complaint where, under any set of facts which could be shown to be consistent with a complaint, the plaintiff is not entitled to relief." *Id.* (citing *Gomez v. Toledo*, 446 U.S. 635, 636, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir. 1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990)); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Finally, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (noting that this procedure "streamlines litigation by dispensing with needless discovery and fact-finding").

## III. DISCUSSION

### A. The Applicable Statutes of Limitations

■ Rolax's claims in Counts One through Five are governed by a two-year statute of limitations. The federal claims contained in Counts One through Three of the Complaint allege violations of 42 U.S.C. § 1983. Congress has not enacted a statute of limitations which governs claims arising under 42 U.S.C. § 1983, however, the United States Supreme Court has held that actions filed under 42 U.S.C. § 1983 are governed by the limitations periods applicable to the state's personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276–78, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The New Jersey statute of limitations for claims asserting personal injuries is two years. N.J.S.A. § 2A:14–2. Thus, Rolax's § 1983 claims and the common law battery claim contained in Count Five are governed by the same two-year statute of limitations. To assert a battery claim against the State of New Jersey and its public entities and employees, Rolax must also comply with the requirements of the New Jersey Tort Claims Act, N.J.S.A. § 59:8–3 (West 2000). The Tort Claims Act requires a plaintiff to file a Notice of Claim within 90 days of the accrual of the cause of action. N.J.S.A. § 59:8–8.[3]

■ Count Four of Rolax's complaint alleges a violation of the New Jersey Law Against Discrimination. The NJLAD is also controlled by a two-year statute of limitations. *See Montells v. Haynes*, 133 N.J. 282, 292, 627 A.2d 654 (1993).

■ Because the cause of action alleged in Count Six is not clearly stated,

---

**3.** N.J.S.A. § 59:8–8 provides in relevant part:

A claim relating to a cause of action for death or for injury to person of to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action.... The claimant shall be forever barred from recovering against a public entity if:

a. He failed to file his claim with the public entity within 90 days of accrual of his claim ...; or

b. Two years have elapsed since the accrual of the claim;

. . . . .

Nothing in this section shall prohibit an infant or incompetent person from commencing an action under this act within the time limitations contained herein, after his coming to or being of full age or sane mind. N.J.S.A. § 59:8–8 (West 2000).

determining the applicable statute of limitations is a more complicated task. The New Jersey Supreme Court discussed the range of statutes of limitation that were applicable to invasion of privacy claims in *Rumbauskas v. Cantor,* 138 N.J. 173, 649 A.2d 853 (1994). In *Rumbauskas,* the Court acknowledged that invasion of privacy "is not one tort, but a complex of four," 138 N.J. at 179, 649 A.2d 853 (quoting *Canessa v. J.I. Kislak, Inc.,* 97 N.J.Super. 327, 334, 235 A.2d 62 (Law Div.1967)(quoting William L. Prosser, *The Law of Torts* § 112 (3d ed.1964))), each of which require different treatment, *id.* at 180, 649 A.2d 853. The four distinct torts which are grouped under "invasion of privacy" are: (1) intrusion; (2) public disclosure of private facts; (3) placing a plaintiff in a false light in the public eye; and (4) appropriation of a plaintiff's name or likeness for defendant's benefit. *Id.* at 180, 649 A.2d 853. The Court in *Rumbauskas* concluded that the two-year statute of limitations set forth in N.J.S.A. § 2A:14–2 should govern invasion of privacy claims concerning intrusion, while the six-year statute of limitations in N.J.S.A. § 2A:14–1 was applicable to invasion of privacy claims alleging appropriation, in accordance with *Canessa v. J.I. Kislak, Inc.,* 97 N.J.Super. 327, 334, 235 A.2d 62 (Law Div.1967). *Id.* at 182–83, 649 A.2d 853. The Court went on, in *dicta,* to suggest that invasion of privacy claims which concerned public disclosure of private facts or placing one in a false light should be governed by the one-year limitations period for defamation claims, codified in N.J.S.A. § 2A:14–3. *Id.* at 183, 649 A.2d 853.

Rolax's Complaint could be construed as alleging invasion of privacy premised upon appropriation, public disclosure of private facts or false light, however, under either the six-year limitations period of the former, or the one-year limitations period of the latter, Count Six of Rolax's Complaint would be timely.

## B. Tolling of the Statutes of Limitations Based Upon Rolax's Infancy

■ N.J.S.A. § 2A:14–21, provides that: If any person entitled to any of the actions or proceedings specified in sections 2A:14–1 to 2A:14–8 or sections 2A:14–16 to 2A:14–20 of this title ... is or shall be, at the time of any such cause of action ... accruing, under the age of 21 years, or insane, such person may commence such action ..., within such time as limited by said sections, after his coming to or being of full age or of sane mind.

N.J.S.A. § 2A:14–21 (West 2000).

The statute of limitations for personal injury actions codified in N.J.S.A. § 2A:14–2, is included in this tolling provision; thus, all of Rolax's claims were tolled until Rolax attained the age of majority. In 1973, the New Jersey Legislature lowered the age of majority from twenty-one to eighteen. *See* N.J.S.A. § 9:17B–1 to –3 (West 2000); *Green v. Auerbach Chevrolet Corp.,* 127 N.J. 591, 594, 606 A.2d 1093 (1992). Although N.J.S.A. § 2A:14–21 has not been amended to reflect this legislation, the New Jersey Supreme Court has interpreted N.J.S.A. § 9:17B–3 to lower the age of majority for all purposes, "including the establishment of eighteen as the age until which the statutes of limitation referred to in N.J.S.A. 2A:14–21 are tolled." *Green,* 127 N.J. at 598, 606 A.2d 1093.

Although the Complaint did not set forth Rolax's date of birth, a subsequent Certification filed with this Court, states that Rolax was born on June 3, 1979, *see* Certification ¶ 2 (October 24, 2001); thus, Rolax was sixteen in May, 1996, at the time of the incident alleged in the Complaint. Pursuant to N.J.S.A. § 2A:14–21, the statute of limitations would have been tolled until June 3, 1997, when Rolax attained the age of eighteen. Accordingly, Rolax would have had two years from June 3, 1997, or

June 3, 1999, to file his Complaint against Defendants. Rolax's Complaint was filed on April 24, 2001; therefore, even when tolled for Rolax's infancy, Counts One through Five of his Complaint are time-barred, absent any equitable delay in the accrual of his cause of action.

### C. The "Discovery" Rule

 While state law dictates the time within which a suit must be filed under 42 U.S.C. § 1983, it is federal law that governs the date of the accrual of a cause of action. A federal civil rights action accrues when the plaintiff knew or had reason to know of the injury that constitutes the basis of the action. *Deary v. Three Un–Named Police Officers,* 746 F.2d 185, 197, n. 16 (3d Cir.1984). "Sufficient notice to alert [the plaintiff] of the need to begin investigation will cause the statute to accrue." *Williams v. Brown,* No. Civ. A. 96 7450, 1997 WL 617032, at *3 (E.D.Pa. Sept.20, 1997).

 Federal and New Jersey state law relating to the accrual of causes of action and the effect of the "discovery rule" are essentially the same. The accrual of a cause of action will be delayed until such time as a plaintiff knows, or after the exercise of reasonable diligence, should know, that he has been injured and that his injury was caused by the fault of another. *Swietlowich v. County of Bucks,* 610 F.2d 1157, 1162 (3d Cir.1979); *Vispisiano v. Ashland Chem. Co.,* 107 N.J. 416, 426–27, 527 A.2d 66 (1987).

 Under both federal and New Jersey state law, the discovery rule, which is applied most frequently to medical malpractice cases, has been held to be inapplicable to cases of false arrest. In cases of false arrest, the plaintiff will be aware both of his injury, *i.e.,* the wrongful arrest, and those responsible for that injury, *i.e.,* the police, at the time of arrest, therefore no delay in the accrual of the cause of action

is necessary. *See Rose v. Bartle,* 871 F.2d 331, 350–51 (3d Cir.1989)(false arrest claims accrue on the date of arrest); *Deary,* 746 F.2d at 193, n. 9 ("It is obvious that when Deary was arrested, knowing that she had no complicity in the robbery, her cause of action accrued: nothing further had to occur"); *Williams,* 1997 WL 617032, at * 3(cause of action for false arrest and imprisonment accrued on date of arrest and imprisonment because it was on that date that plaintiff reasonably should have known that police officers lied and planted evidence on him); *Cruz v. City of Camden,* 898 F.Supp. 1100, 1113 (D.N.J.1995)(discovery rule inapplicable where arrestee did not know until police officers were deposed that they failed to take action to rectify an incorrect warrant because arrestee knew at the time of his arrest that there was a problem with the warrant); *Pisano v. City of Union City,* 198 N.J.Super. 588, 593, 487 A.2d 1296 (App.Div.1984)("Plaintiff in the case at bar is chargeable with knowledge of the facts of his arrest which were overt, thus making inapplicable the discovery rule").

 According to Rolax's Complaint, he was detained by one or more New Jersey State troopers without probable cause, *see* Compl. ¶¶ 17, 20; was subjected to a "Terry" search, *id.* at ¶ 20; was not found to be carrying any contraband or weapons, *id.* at ¶ 21; but was nonetheless further detained, *id.* at ¶ 22; and was then frisked a second time by another person, a person he later learned was the then-Governor of New Jersey, Christine Todd Whitman, *id.* at ¶ 26. Thus, according to Rolax's own Complaint, at the time of his detention and search, he knew both that he had been wrongfully detained and searched, not once, but twice, and that those responsible for his injury were members of the New Jersey State Police. As a result, Rolax knew, at the time of his

arrest, that he had been injured and that his injury arose from the fault of another; thus, the discovery rule cannot be applied to delay the expiration of the statute of limitations.

### D. Fictitious Defendants

■■■ Rolax argues that because he did not know the specific identities of those who wrongfully detained him, his cause of action cannot have accrued on the date of the arrest. This argument is unavailing because the United States District Courts throughout the Third Circuit have permitted "fictitious-defendant pleading" when the exact identity of the defendants are unknown to the plaintiff at the time of the filing of his complaint. *See Hindes v. FDIC,* 137 F.3d 148, 155 (3d Cir.1998)(quoting *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 36 (E.D.Pa. 1990))("Doe defendants 'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed' "); *White v. Fauver,* 19 F.Supp.2d 305, 312 n. 8 (D.N.J 1998)(Orlofsky, J.)("the prevailing trend in this circuit [is to] permit the use of fictitious defendants, at least until the plaintiffs have had a reasonable opportunity to conduct discovery to identify the fictitiously named defendants").

In order to preserve his claim, Rolax should have filed a complaint within the limitations period that named "John Doe" or "Jane Doe" defendants and thereafter conducted discovery to ascertain the identities of the defendants responsible for his wrongful detention and search. Rolax's plaintive pleas to circumvent the clearly established fictitious defendant pleading procedures are unavailing. Rolax argues:

One can only imagine the success which would have accompanied an earlier filed Rolax v. John Doe complaint. Who could he have named as a Defendant? What agency would he have sued? What reports could he have subpoe-

naed? In how many blinks of an eye would that complaint have been dismissed?

*See* Pl.'s Br. at 7–8

Rolax's arguments are undermined by the fact that he employs the fictitious defendant pleading practice in his current Complaint which names ten "John Does."

### E. Equitable Tolling and the Conspiracy Claim

Finally, Rolax argues that the statutes of limitations should be equitably tolled because it was only in or about July 2000 when the incident was reported by the local media that he discovered his "injury." Rolax contends that his injury was not the stop and frisk but, rather, the *reason* behind the frisk. This reason was, as Rolax alleges, a "conspiracy" by the New Jersey State Police to stop a person who was not carrying weapons or contraband and detain him long enough so that Governor Whitman could frisk him as part of her "ride-along" with the State Police. *See* Compl. ¶¶ 15, 19, 23–27. Rolax alleges that because the Defendants agreed to keep their activities secret, they induced him into allowing the statutes of limitations to expire.

■■■ Equitable tolling is appropriate when " 'the principles of equity would make the rigid application of a limitation period unfair.' " *Nara v. Frank,* 264 F.3d 310, 319 (3d Cir.2001)(quoting *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616 (3d Cir.1998)). Tolling is justified if extraordinary circumstances have prevented a plaintiff from asserting his rights and he can show that he exercised reasonable diligence in investigating and bringing his claims. *Id.* Extraordinary circumstances may exist where the defendant(s) has actively misled the plaintiff. *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)("Federal courts invoke

the doctrine of equitable tolling 'only sparingly,' and will not toll a statute because of 'what is at best a garden variety claim of excusable neglect' on the part of the defendant." Absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.")(internal citations omitted); *McHenry v. Pennsylvania State System of Higher Education,* 50 F.Supp.2d 401, 407 (E.D.Pa.1999)("Under the doctrine of equitable tolling, a plaintiff may sue after the statutory time period for filing a complaint has expired if they [sic] have been prevented from filing in a timely manner due to sufficiently inequitable circumstances; such as ... where defendant's affirmative misconduct lulled plaintiff into inaction"); *Villalobos v. Fava,* 342 N.J.Super. 38, 50, 775 A.2d 700 (App.Div.2001)("Typically the doctrine is applied where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass").

 This argument is unpersuasive. To recover under 42 U.S.C. § 1983, Rolax was required to establish that "a state actor engaged in conduct that deprived him of 'rights, privileges, or immunities' secured by the constitution [sic] or laws of the United States." *Wilson v. Russo,* 212 F.3d 781 (3d Cir.2000). Rolax alleges that the New Jersey State Police Officers violated his Fourth Amendment right to be free from unreasonable searches and seizures by searching him not once, but twice without probable cause. To state a claim, therefore, the only facts that Rolax was required to know were that he was searched and that the search was "unreasonable" because those conducting the search lacked probable cause to do so. Both of these elements were apparent and known to Rolax at the time of the search.

Additionally, to invoke the discovery rule, a plaintiff is required to have used "diligence and reasonable investigative efforts" to pursue his claims. *See Nara,* 264 F.3d at 319; *Hatco Corp. v. W.R. Grace & Co.,* 801 F.Supp. 1309, 1324 (D.N.J.1992), *vacated on other grounds,* 59 F.3d 400 (3d Cir.1995); *see also United States v. Kubrick,* 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)("The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter. There are others who can tell him if he has been wronged, and he need only ask"); *Villalobos,* 342 N.J.Super. at 48, 775 A.2d 700 (to apply the discovery rule "plaintiff would have to show that he could not through reasonable diligence and intelligence have discovered a basis for his claim within [the limitations period]").

Rolax failed to exercise reasonable diligence in pursuit of his claim. Governor Whitman's undercover tours of the City of Camden with the New Jersey State Police were front-page news at the time Rolax was stopped and searched. *See* Flanagan Certification at Exs. A–E. The newspaper stories chronicled Governor Whitman's "nocturnal tours of Camden done in secret to ensure an authentic taste of what residents and the police face every day" and noted that during those tours several Camden residents recognized the Governor. *See* Lee Moore, *Whitman takes two secret tours of Camden,* Courier–Post, May 23, 1996, at 1A. This publicity did not describe the "conspiracy" which Rolax alleges. Nonetheless, it should have provided him with sufficient information to prompt further inquiry on his part. This is especially true when this information was combined with his first-hand knowledge of the wrongful search by the New Jersey State Police. Because he made no such inquiry, he cannot, five years after the wrongful

conduct occurred, claim that the doctrine of equitable tolling should apply to stave off the harsh effects of the expiration of the statutes of limitations.

## F. NEW JERSEY TORT CLAIMS ACT

N.J.S.A. § 59:8–3 states that "[n]o action shall be brought against a public entity or public employee under [the New Jersey Tort Claims Act] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this Chapter." Chapter 8 of the Tort Claims Act requires a claimant to file a Notice of Claim containing certain information to allow the public entity to investigate the merits of the claim. N.J.S.A. § 59:8–4. This notice must be signed and filed with the public entity within ninety days of the accrual of the cause of action. N.J.S.A. § 59:8–8. The claimant bears the burden of proving that the claim was filed with the appropriate public entity. *See Hammond v. City of Paterson,* 145 N.J.Super. 452, 368 A.2d 373 (App.Div.1976).

### 1. Count Five—The Tort of Battery

As discussed above, Rolax's battery claim accrued on the date of the illegal search. Because Rolax's claim is against public entities and employees of the State of New Jersey, including the New Jersey State Police, the then-Governor of the State of New Jersey, and several State Police officers, he was required to

file a Notice of Claim within ninety days of the wrongful conduct. He failed to do so. Accordingly, the tort of battery alleged in Count Five of Rolax's Complaint is also barred by the provisions of the Tort Claims Act.

### 2. Count Six—The Tort of Invasion of Privacy

Count Six alleges an invasion of privacy arising from the publication of the photograph of Governor Whitman frisking Rolax. The photograph was published in July, 2000. Rolax filed his Complaint on April 24, 2001. Thus, as discussed above, whether the statute of limitations applicable to invasion of privacy claims alleging appropriation, *i.e.,* six years, or the one applicable to claims alleging public disclosure of private facts or false light, *i.e.,* one year, is applied, Count Six was filed in a timely manner.

However, Count Six, which alleges invasion of privacy, a common law tort claim, must satisfy the requirements of the New Jersey Tort Claims Act. Because, as discussed above, Rolax failed to file a Notice of Claim within ninety days of the publication of the photograph, his claim in Count Six is barred by the Tort Claims Act.

In his Brief in Opposition to Defendants' Motion to Dismiss, Rolax makes a motion to this Court to file a late claim under the Tort Claims Act, pursuant to N.J.S.A. § 59:8–9.[4] This Court has dis-

---

4. N.J.S.A. § 59:8–9 provides in relevant part: A claimant who fails to file notice of his claim within 90 days as provided in section 59:8–8 of this act, may, in the discretion of a judge of the superior court, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal

knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8–8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than 2 years from the time of the accrual of the claim.
N.J.S.A. § 59:8–9 (West 2000).

cretion under § 59:8–9 to allow Rolax to file a late Notice of Claim within one year of the accrual of his cause of action provided that the Defendants are not "substantially prejudiced thereby." Section 59:8–9 was amended in 1994 to require a plaintiff seeking to file a late claim to show reasons constituting "extraordinary circumstances" for the failure to meet the ninety day filing requirement. *See* L.1994, c. 49, § 5, eff. June 23, 1994. The purpose of adding the phrase "extraordinary circumstances" was to "raise the bar for the filing of late notice from a 'fairly permissive standard' to a 'more demanding one.'" *Beauchamp v. Amedio*, 164 N.J. 111, 118, 751 A.2d 1047 (2000)(quoting *Lowe v. Zarghami*, 158 N.J. 606, 625, 731 A.2d 14 (1999)). The existence of "extraordinary circumstances" is to be determined by the courts on a case-by-case basis, *see S.P. v. Collier High School*, 319 N.J.Super. 452, 465, 725 A.2d 1142 (App.Div.1999). Ignorance of the law, or the Tort Claims Act's ninety day notice requirement, without more, do not qualify as extraordinary circumstances justifying a delay. *Forcella v. City of Ocean City*, 70 F.Supp.2d 512, 517 (D.N.J.1999)(Orlofsky, J.); *Collier High School*, 319 N.J.Super. at 465, 725 A.2d 1142.

▪ I conclude that Rolax has not demonstrated "extraordinary circumstances" sufficient to justify the filing of a late claim under the New Jersey Tort Claims Act. Rolax's arguments for the application of the discovery rule to Counts One through Five undermine his application to file a late Notice of Claim for Count Six. Rolax contends that his injury became clear only upon the photograph's publication. If this is accepted as true (which the Court does not), then there is no reason, extraordinary or otherwise, that would have prevented him from filing a Notice of Claim within ninety days after July, 2000, when, as he claims, his injury was fully revealed. Accordingly, Rolax's motion

seeking leave to file a late Notice of Claim shall be denied.

## IV. CONCLUSION

For the reasons set forth above, I shall grant Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted in its entirety and I shall deny Plaintiff's Motion for leave to file a late Notice of Claim under the New Jersey Tort Claims Act. The Court will enter an appropriate form of order.

## ORDER

This matter having come before the Court on Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. R. 12(b)(6), Saul J. Steinberg, Esq., SUFRIN ZUCKER STEINBERG WALLER & WIXTED, P.C., appearing on behalf of Plaintiff, Sherron Rolax, and John J. Farmer, Jr., Esq., Attorney General of New Jersey, and Brian G. Flanagan, Esq. and James Harris, Esq., Deputy Attorneys General, appearing on behalf of Defendants; and,

The Court having considered the submissions of the parties and the oral argument of counsel; and,

For the reasons set forth in the Opinion filed concurrently with this Order;

IT IS, on this 1st day of November, 2001, hereby ORDERED that: (1) Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted is GRANTED; and (2) Plaintiff's Motion for leave to file a late notice of claim under the New Jersey Tort Claims Act is DENIED.