

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2002

# Rolax v. Whitman

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Rolax v. Whitman" (2002). *2002 Decisions*. Paper 735.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/735

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-4229
_____

SHERRON ROLAX,

Appellant

v.

CHRISTINE TODD WHITMAN;
CARL WILLIAMS; SUPERINTENDENT
OF THE STATE POLICE OF NEW JERSEY
JOSEPH SHANAHAN; WILLIAM MALAST;
EDGAR HESS; STATE OF NEW JERSEY;
NEW JERSEY STATE POLICE; JOHN DOE, 1-20
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 01-cv-01954)
District Judge:  The Honorable Stephen M. Orlofsky

_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2002

BEFORE: NYGAARD, GARTH, and  MICHEL,  Circuit Judges.

(Filed:  November 15, 2002)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Sherron Rolax argues on appeal that the District Court erred by concluding that the first five counts of his complaint were time-barred and that his sixth claim was barred by the requirements of the New Jersey Torts Claims Act, N.J.S.A. 59:8-3.  We will affirm.

On motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, we, as did the District Court, are to assume that facts pleaded in the complaint are true, and to give every inference to the non-moving party.  These facts depict an intentional violation of Rolax's individual rights by the very public officials charged with protecting his rights.  These facts show that Sherron Rolax was detained and searched for possible possession of contraband or weapons on or about May 1996.  After an initial search determined that Rolax did not possess any illegal materials, he was nonetheless detained while Governor Christine Todd Whitman performed a second 'search' and posed for a camera.  In July 2000, the photograph taken of Governor Whitman frisking Rolax was published in a local newspaper.  In sum, the facts which we

must assume to be true show that although wholly innocent, Rolax, who was just 16 years old, was detained and used for political purposes by his Governor.

Rolax filed his complaint on April 24, 2001, alleging violations of 42 U.S.C. 1983 (counts one, two, and three), the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (count four), common-law battery (count five), and invasion of privacy (count six). The first five counts pertained to the detention and search on May 1996, and count six related to the publication of the photograph that depicts Governor Whitman frisking the plaintiff. The District Court correctly found that a two-year statute of limitations applied to each of the first five counts. Section 1983 claims do not have their own statute of limitations but instead follow the limitations of comparable state personal injury claims. The applicable New Jersey statute of limitations for personal injury claims limits such claims to two years. N.J.S.A 2A:14-2. New Jersey case law also provides that actions brought under the New Jersey Law Against Discrimination, such as count four of Rolax's complaint, are controlled by a two-year statute of limitations. See Montells v. Haynes, 627 A.2d 654 (N.J. 1993).

Although the two-year statute of limitations for personal injuries would normally define the outer limitation on Rolax's common-law battery claim in count five, it is not dispositive here. When an action in tort is initiated against a public entity or it employees, the complaint must also meet the requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:8-3 ("NJTCA"). The NJTCA requires a prospective plaintiff to serve notice of suit on the public entity or official within 90 days of the date on which the cause of action began to accrue. N.J.S.A. 59:8-8. This statute also applies to count six. Although the statute of limitations for the torts that comprise invasion of privacy vary, all are subject to the NJTCA when alleged against a state entity or official.

As stated, Rolax was sixteen at the time of the alleged incident, and the various statutes of limitations are tolled during his infancy. See Green v. Auerbach Chevrolet Corp., 606 A.2d 1093 (N.J. 1992). Thus, the statutes of limitations began to run in June 1997, when Rolax attained the age of majority. With respect to the personal injury claims, Rolax would have to file his complaint before June 1999. He did not do so. Rolax argues, however, that the discovery rule should shift the start of the two year period to July 2000, when the published photograph alerted Rolax to the identity of the main perpetrators. In the alternative, Rolax claims that the statute of limitations should be equitably tolled beyond the two years until he became aware of why he was impermissibly detained and searched. We decline to adopt Rolax's arguments and, instead, favor the well-reasoned opinion of the District Court.

As the District Court correctly explained, the discovery rule operates such that "the accrual of a cause of action will be delayed until such times as a plaintiff knows, or after the exercise of reasonable diligence, should know, that he had been injured and that this injury was caused by the fault of another." Rolax v. Whitman, 175 F.Supp.2d 720, 727 (D. N.J. 2001)(citing Swietlowich v. Bucks County, 610 F.2d 1157, 1162 (3d Cir. 1979)). Rolax alleges in his first five counts that he was subject to an illegal search and seizure. Assuming this is true, he had knowledge of the events necessary to establish a claim at the time of the second frisk in May 1996.

Rolax counters by arguing that he did not know the names of his assailants. Although he did not know specific names, our jurisprudence requires that he use 'fictitious-defendant pleading' to preserve his claim. See Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998). Rolax argues that such a pleading would be futile, but then uses the 'John Doe' moniker in his current complaint. We do not accept that Rolax would never know the identity of the perpetrators if he had indeed attempted to ascertain them through a fictitious-defendant pleading. This belief also ties closely to Rolax's argument for equitable tolling. He claims that the period should be equitably tolled because he did not know the identity of his assailants or reasons for his injury until the publication of the picture in 2000.

However, a plaintiff is required to use "diligence and reasonable investigative effort" to pursue his claim. With respect to both the identity of the assailants and motivation, Rolax need only look to the front pages of the local newspapers. After all, one of them was the Governor of New Jersey, and Governor Whitman's night-time forays with law enforcement personnel were front page news at the time Rolax was detained and searched. Such information would allow Rolax to focus his 'fictitious-defendant' discovery and ascertain the reason for his injury, as well as those

behind it. The discovery rule does not operate here to shift the accrual of Rolax's claims, nor should the period be equitably tolled, because Rolax failed to diligently pursue his claims. Thus, the statute of limitations is not altered and requires that his cause of action be filed within two years of reaching the age of majority. Because Rolax did not file his personal injury claims until beyond the two-year period, these claims are barred.

The final count brought by Rolax is an invasion of privacy claim stemming from the publication in July 2000 of a photograph depicting Governor Whitman frisking him. This claim is subject to the New Jersey Tort Claims Act. Thus, Rolax was required to serve notice on the public defendants within ninety days after his cause of action accrued. He did not comply with this notice requirement. On appeal, Rolax argues that the NJTCA does not apply to his invasion of privacy claim, and that alternatively, the District Court should grant him leniency pursuant to N.J.S.A. 59:8-9. Section 59:8-9 allows a court to extend the notice period up to one year if the public entity or employee would not be "substantially prejudiced" by the delay and the claimant shows "extraordinary circumstances for his failure to file notice" within the proper time period. N.J.S.A. 59:8-9. Rolax's claim that the NJTCA is inapplicable is without merit. He stated in his brief that the NJTCA does not apply to constitutional torts citing to Greenway Dev. Co., Inc. v. Borough of Paramus, 750 A.2d 764, 770 (N.J. 2000), which held that the NJTCA does not apply to the constitutional tort, of an inverse condemnation proceeding. An invasion of privacy claim is not a constitutional tort, however, but rather a creature of state law. Accordingly, the NJTCA does apply to his claim.

Rolax's contention that the District Court should have granted him leniency and extended the filing time is also unpersuasive. In his brief, Rolax fails to posit any reason why the notice was not filed within the ninety-day window. We agree with the District Court that "[i]gnorance of the law, or the Tort Claims Act's ninety day notice requirement, without more, do not qualify as extraordinary circumstances justifying a delay." Rolax, 175 F.Supp.2d at 731. The invasion of privacy claim is, therefore, barred by the NJTCA.

The decision of District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge