

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2007

# Gera v. Atty Gen PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gera v. Atty Gen PA" (2007). *2007 Decisions.* Paper 134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-45                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3601

JOHN M. GERA,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA, ATTORNEY GENERAL; BOROUGH
OF SHENANDOAH; JOSEPH L. PALUBINSKY; MICHAEL A. O'PAKE; CHIEF
MATTHEW R. NESTOR; JAMIE R. GENNARINI; ESQUIRE FRANK R. CORI,
Former District Attorney of Schuylkill County

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00764)
District Judge: Honorable James M. Munley

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 8, 2007

Before: AMBRO, FUENTES and JORDAN, <u>Circuit Judges</u>

(Filed: December 5, 2007 )

OPINION

PER CURIAM

This is an appeal from the District Court's dismissal of John Gera's complaint. For the following reasons, we will summarily affirm the District Court's order. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

On October 18, 2004, Appellant Gera attended a meeting of the Shenandoah Borough Council. At that meeting, he asked the council if he needed a permit to protest in the Borough. Gera repeated his question at a Borough Council meeting on November 15, 2004. Gera contends that he was "well behaved" at the meeting. He also alleges that at the meeting Borough Solicitor Michael O'Pake threatened to punch him in the face. On December 10, 2004, a friend informed Gera that a newspaper story had reported he had been charged with two counts of "persistent disorderly conduct" and two counts of disrupting meetings. According to the article in the Pottsville Republican & Herald, Gera disrupted the Council meetings with loud and belligerent behavior towards officials. Police asserted that despite repeated warnings to stop, Gera continued to disrupt the meetings. These officials also claimed that Gera's behavior prevented the council from tending to business. Gera alleges that none of these claims by the police is true.

On December 14, 2004, Gera received a criminal complaint charging him with disrupting public meetings and a summons to a preliminary hearing. After repeated continuances, Gera appeared at a preliminary hearing at which all charges against him were withdrawn.

On April 24, 2007, Gera filed a nine-count complaint in the District Court pursuant

-2-

to 42 U.S.C. § 1983 alleging a federal civil rights claim as well as various state claims related to the incident at the Council meeting and the newspaper article. The District Court addressed each claim separately and dismissed the entire complaint as frivolous pursuant to 28 U.S.C. § 1915(e). Gera filed a motion for reconsideration which the District Court denied on October 19, 2007. Gera appeals both the original dismissal and the denial of reconsideration and also requests that we appoint him counsel.

We will exercise plenary review over the District Court's dismissal of Gera's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Tourscher v. McCullough 184 F.3d 236, 240 (3d Cir. 1999).

The District Court dismissed several of Gera's claims as barred by the Pennsylvania statute of limitations. See 42 PA. CONST. STAT. ANN. § 5524(7) (establishing a two-year statute of limitations for "any . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct"); see also O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006) (section 1983 actions are governed by the personal injury statute of limitations of the state in which the cause of action accrued). Federal law governs the accrual of section 1983 claims. See e.g., Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action". Id.

We agree with the District Court's reasoning that the statute of limitations on Gera's slander and defamation claim began to run on the publication of the newspaper

-3-

article in December 2004 and expired in December 2006. The same reasoning also bars Gera's "terroristic threats" claim, arising from Appellee O'Pake's alleged threats at the November 14, 2004 Council meeting. Further, any false arrest claims stemming from the November meeting and subsequent legal proceedings are barred by the statute of limitations, even if Gera alleges that he had no knowledge of the identity of the arresting officer. See Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007); Rolax v. Whitman, 175 F.Supp.2d 720, 728 (D.N.J. 2001).

Gera's claim of malicious prosecution against the Attorney General and/or the District Attorney is also meritless. In initiating a prosecution, the prosecutor is immune from a civil suit for damages under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Gera also alleges that the Pennsylvania Attorney General and District Attorney Cori conspired to deprive him of his constitutional rights. Since Gera's conspiracy claims do not appear to be based in fact, but merely upon his own suspicion and speculation, we hold that the District Court did not err in dismissing them as legally frivolous. See Young v. Kann, 926 F.2d 1396, 1405 (3d Cir. 1991).

It is unclear what claims, if any, Gera alleges against Matthew R. Nestor, the Chief of Police for the Borough. The District Court construed the claim as a respondeat superior action, arising presumably from Nestor's failure to supervise a police officer who brought an unsubstantiated claim against Gera. Respondeat superior liability is also generally unavailable under section 1983. See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). In his motion for reconsideration Gera alleges that on May 6, 2004,

-4-

Nestor criminally trespassed on his land. This claim, even if it had been properly pleaded in the original complaint, is barred by the applicable statute of limitations. See 42 PA. CONST. STAT. ANN. § 5524(4).

Similarly, Gera also does not allege that Joseph L. Palubinsky, an employee of the Borough, personally participated in the alleged conduct that gave rise to the complaint. See e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior).

We also conclude that the District Court correctly construed Gera's negligence claim against the Borough as a failure-to-train claim. A supervising authority may be liable under § 1983 for failing to train police officers when the failure to train demonstrates deliberate indifference to the constitutional rights of those with whom the officers may come into contact. See City of Canton v. Harris, 489 U.S. 378, 388 (1989). We adopt the District Court's reasoning that Gera's claim fails because he did not and cannot identify a failure to provide specific training that has a causal nexus with his injuries. See Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).

Lastly, Gera's assertion in his motion for reconsideration that dismissal of his complaint pursuant to 28 U.S.C. § 1915(e) is a violation of his constitutional rights is meritless. See Abdul-Akbar v. McKelvie 239 F.3d 307, 316 (3d Cir. 2001) (en banc) ("[t]he ability to proceed I.F.P. is not a constitutional right").

Accordingly, because this appeal presents us with no substantial question, we will

summarily affirm the decision of the District Court.  <u>See</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6.  In light of our disposition, Appellant's motion for appointment of counsel is denied.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-56 (3d Cir. 1993).