

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# Smith v. DE Cty Ct

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4262

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Smith v. DE Cty Ct" (2008). *2008 Decisions.* Paper 1767.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1767

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-94                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4262

BRUCE CHRISTOPHER SMITH,
                                                        Appellant

v.

DELAWARE COUNTY COURT;
DELAWARE COUNTY DISTRICT ATTORNEYS OFFICE;
DELAWARE COUNTY PROBATION & PAROLE OFFICE

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-02815)
District Judge: Honorable Harvey Bartle, III

Submitted for Possible Dismissal Due To a Jurisdictional Defect, and Pursuant to 28
U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
January 4, 2008

Before: AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2008)

OPINION

PER CURIAM

        On July 24, 2007, Bruce Smith, proceeding <u>pro se</u>, filed a lawsuit against a

variety of defendants alleging denial of due process following his arrest and criminal

conviction; harassment by probation authorities following his conviction; and the placement of false information on the NCIC system which has caused him problem with legal authorities. The District Court granted his motion to proceed in forma pauperis ("IFP"). However, on September 7, 2007, it dismissed Smith's complaint as legally frivolous, finding that the limitations period on his claims had expired, and that absolute immunity barred his claims against the defendant judges and prosecutors.

This Court has jurisdiction under 28 U.S.C. § 1291.[1] Because Smith is proceeding IFP, if the appeal lacks arguable merit in law or fact, we must dismiss it. 28 U.S.C. §1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to Smith's claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, No. 07-361, 2007 WL 4248768, at *1 (3d Cir. Dec. 5, 2007).

Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under §1915(e) where the defense is obvious

---

[1] Smith filed his notice of appeal more than thirty days after the District Court docketed its order. However, his appeal is nevertheless timely, because the District Court's order failed to comply with the separate-document rule under Fed. R. Civ. P. 58. Fed. R. App. P. 4(a)(7)(A)(iii); see also, LeBoon v. Lancaster Jewish Comm. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007).

from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Erline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006)(citation omitted)(finding that a district court's screening authority under §1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

We agree with the District Court that Smith's complaint was untimely filed, and that a limitations defense is evident from the face of his Amended Complaint. Smith provides that he was denied due process in connection with his arrest and criminal conviction before or during 1993. Moreover, he provides that he discovered the allegedly false information on his NCIC report in 2001 when he was stopped for a traffic violation, and when his employer conducted his background-check. In other words, Smith expressly admits in his complaint that he learned of his injuries more than two years before he filed this lawsuit on July 24, 2007.

Moreover, Smith had the opportunity to file a motion for reconsideration challenging the District Court's dismissal of his complaint, but he did not. Accordingly, his claims were properly dismissed as untimely.[2] See, e.g., Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995).

Because we conclude that Smith's appeal lacks an arguable basis in fact, or in law, Neitzke v. Williams, 490 U.S. at 325, we dismiss it pursuant to §1915(e)(2)(B).

---

[2] Thus, we do not need to reach the District Court's alternative grounds for dismissal.